IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
AT TYLER

| | |
|---|---|
| ROBERT W. HILL, JR.<br>3056 CONCORD PLACE<br>TYLER, TEXAS 75701 | CASE NO. |
| PLAINTIFF | |
| - VS. - | |
| GRECH RV, INC.<br>c/o EDWARD P. GRECH<br>6915 ARLINGTON AVENUE<br>RIVERSIDE, CA 92504 | COMPLAINT AND JURY DEMAND |
| DEFENDANT | |

## PRELIMINARY STATEMENT

1. This case involves claims asserted under the Texas Commercial Code, the Magnuson Moss Warranty Act, and the Texas Deceptive Trade Practices Act.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3. The RV which is the subject of this dispute was acquired by Plaintiff in Texas and was defective when acquired; ineffective repair attempts were made upon the subject RV by Defendant Grech RV, Inc.'s authorized representative dealerships in Texas; the place where the relationship of the parties arose is Texas because the warranty obligations of Defendant Grech RV, Inc. ("Grech RV") were received by Plaintiff with the purchase of the subject RV

- 1 -

from McClain's RV in Texas; and Defendant directly interacted with Plaintiff in Texas.

## IDENTIFICATION OF PARTIES

4. At all relevant times, Plaintiff was a natural person and a consumer and a buyer within the meaning of applicable laws, and a resident of and domiciled in Texas.

5. Defendant Grech RV was at all times relevant a California corporation doing business in Texas and elsewhere and is the manufacturer of the subject RV that Plaintiff acquired from McClain's RV, in Corinth, Texas. Defendant Grech has its principal place of business in California, and is domiciled in, and is a citizen and resident of, California. Defendant was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents, which it maintains in Texas and elsewhere nationwide.

6. The vehicle at issue in this case was manufactured as a complete vehicle in California, for distribution in Texas and elsewhere, and was warranted in whole or part by Grech RV.

7. McClain's RV was at all times relevant a corporation doing business in Texas, and a supplier, merchant, and authorized dealer and agent of Grech RV for the sale and repair of recreational vehicle manufactured and warranted by Grech RV. McCain's RV was, at all times relevant, engaged in the business of selling and servicing recreational vehicles, including recreational vehicles manufactured by Grech RV, under warranty.

## FIRST CLAIM: BREACH OF WARRANTY

8. This case involves a defective 2023 Grech Strada Tour-Ion recreational vehicle that Defendant Grech RV warranted and contracted to warrant but which it was not able to

repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract Defendant breached.

9. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

10. This claim is for breach of express and implied warranty by Defendant Grech RV.

11. As a result of the above, and the allegations below, inter alia, Defendant Grech RV breached its warranty to the injury of Plaintiff and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

12. At all times relevant, McClain's RV was a supplier and merchant and an authorized representative and agent of Defendant Grech RV. McClain's RV was authorized by Defendant Grech RV to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Plaintiff acquired the subject RV from McClain's RV and McClain's RV performed warranty repairs on the subject RV.

13. On or about January 21, 2023, Plaintiff Robert W. Hill, Jr. ("Mr. Hill") entered into a consumer transaction, in that Plaintiff agreed to acquire from McClain's RV, and McClain's RV agreed to sell to Plaintiff, under the terms of a Retail Installment Contract, and Defendant Grech RV contracted and/or agreed to warrant the RV to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2023 Grech Strada Tour-Ion recreational vehicle believed to bear VIN #W1X8ED3YXNT111738, and whose total cost alone, including financing and down payment, will be $332,349.60.

14. Plaintiff acquired the RV in reliance on the existence of a written warranty from Defendant Grech RV and on advertising representations and/or warranties of Defendant Grech RV.

15. The purpose of Defendant Grech RV's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give Plaintiff confidence in Defendant Grech RV's representations about the RV and the RVs Defendant designed and built, and (d) to give Plaintiff confidence in Defendant Grech RV itself as a responsible company that lived up to its representations, its word, and its warranties.

16. After acquiring the RV, Plaintiff discovered that it did not conform to the representations of Defendant Grech RV inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

17. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Defendant, included, but are not limited to: CO2 Detector Beeping When Furnace & Heater On, Rear Main Cabin Door Pops, Cabinet Door Warped and Chipped, Invertor Shuts Off Overnight, PS Jump Seat Mounted Against Cabinet, PS Ottoman Doesn't Retract Sufficiently to Allow Table to be Mounted Upright, Kitchen Drawers Not Closing Smoothly, Glue on Dash, Dash Damaged by Glue on Dash, DS Rear Window Doesn't Sit Flush at Rear, Floor in Front of Bath Door Soft, Sliding Entry Door Screen Doesn't Move in or out Smoothly, Awning Rattle Box Too Sensitive & Rolls Up with Little Wind, among other things.

18. Defendant Grech RV was notified of defects and non-conformities in the RV and the authorized repair facility's failed repair attempts prior to the filing of this case.

19. Plaintiff complied with all conditions precedent to filing this lawsuit.

20. In all respects, Plaintiff substantially, if not completely, performed their obligations under the RV's warranty from Defendant Grech RV and Defendant Grech RV did not perform their obligations, as set forth herein above and below.

21. Because of the warranty-covered defects, Plaintiff notified Defendant Grech RV and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the RV into the possession of Defendant Grech RV and/or one of its authorized servicing dealers at Plaintiff's cost and/or expense beginning shortly after the sale.

22. On or about February 6, 2023, Plaintiff presented his RV to McClain's RV, a Grech RV authorized dealer in Corinth, Texas, for repair of the following defects under the Grech RV warranty for about 29 days:

    - $CO_2$ Detector Beeping When Furnace & Heater On;
    - PS Ottoman Doesn't Retract Sufficiently to Allow Table to be Mounted Upright;
    - Rear Main Cabin Door Pops;
    - Sliding Entry Door Screen Doesn't Move in or out Smoothly;
    - Kitchen Drawers Not Closing Smoothly;
    - Cabinet Door Warped and Chipped;
    - Invertor Shuts Off Overnight.

23. On or about February 10, 2023, Plaintiff reached out via email to David Reagan at Grech RV, detailing the RV's many defects since purchase. When Mr. Reagan failed to respond, Plaintiff again reached out to Mr. Reagan on or about February 24, 2023 for a status update. On or about March 1, 2023, with the RV still in the repair shop for warranty repairs, Plaintiff reached out to AJ Thurber at Grech RV regarding additional safety concerns.

24. On or about March 13, 2023, Plaintiff reached out to Kevin Landreth at Grech RV, and advised Mr. Landreth that many of the defects had not been repaired, and that new defects had arisen.

25. On or about March 14, 2023, Plaintiff corresponded with Kevin Landreth at Grech RV

regarding problems with the inverter.

26. On or about April 12, 2023, Plaintiff reached out to AJ Thurber, Ralph Garcia and Kevin Landreth at Grech RV, advising them of his ongoing list of defects that needed to be repaired under the Grech RV warranty.

27. On or about April 27, 2023, Plaintiff presented his RV to McClain's RV, a Grech RV authorized dealer in Rockwell, Texas, for repair of the following defects under the Grech RV warranty for about 43 days:

- Invertor Shuts Off Overnight;
- PS Jump Seat Mounted Against Cabinet;
- PS Ottoman Doesn't Retract Sufficiently to Allow Table to be Mounted Upright;
- Kitchen Drawers Not Closing Smoothly;
- Dash Damaged by Glue on Dash;
- DS Rear Window Doesn't Sit Flush at Rear;
- Floor in Front of Bath Door Soft;
- Sliding Entry Door Screen Doesn't Move in or out Smoothly; and
- Awning Rattle Box Too Sensitive & Rolls Up w Little Wind.

28. On or about May 15, 2023, a certified third-party RV inspector confirmed that the following substantial defects were still not fixed, and the McClain's RV Service Advisor agreed:

- Invertor Shuts Off Overnight;
- DS Rear Window Doesn't Sit Flush at Rear;
- Floor in Front of Bath Door Soft.

29. After discovering that these substantial defects were still not repaired, Plaintiff advised Kevin Landreth, AJ Thurber and Ralph Garcia at Grech RV. At that time, Plaintiff also requested that Grech RV repurchase his RV and refund his full purchase price.

30. In response, Grech RV offered to repair the RV at its factory service center in California, but added additional terms to its warranty, requiring Plaintiff to sign a confidentiality clause, a non-disparagement clause, and a clause limiting Grech's liability for repairs, and restricting communications as being through counsel only, in order for Plaintiff to obtain warranty

repairs, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

31. Plaintiff provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

32. After being in the repair shop on two separate occasions and being out of service a total of about 72 days in the seven months of ownership, Plaintiff notified Defendant that he wanted his money back but Defendant would not do that.

33. In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant Grech RV and its authorized warranty-repair facility McClain's RV to repair the recreational vehicle, Defendant did not repair or replace or repurchase the subject RV, and ultimately refused to communicate with Plaintiff direct or to honor Grech RV's limited warranty on the RV.

34. Prior to filing this case, and one or more other dates, Plaintiff provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

35. Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Defendant as a company.

36. As a result, Defendant Grech RV breached its express and/or implied warranties and/or contract and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

37. As a result, Defendant Grech's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff

is entitled to all applicable legal and equitable remedies in law.

38. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff is entitled to all applicable legal and equitable remedies in law.

39. Through its advertising and otherwise, Defendant Grech RV represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable RVs for their intended designed use, reliably operable for private transportation and Plaintiff acquired the RV in reliance upon the belief that Defendant Grech RV possessed a high degree of manufacturing skill and judgment.

40. Through its advertising and otherwise, Defendant Grech RV represented that the recreational vehicles which Grech RV manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such RVs are designed and used, and Plaintiff relied on such, but the RV involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

41. The malfunctions and defects in the RV severely and substantially impaired its use and/or safety and/or value to Plaintiff and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

42. Defendants' failure to timely fix all of the RV's defects has caused Plaintiff to lose confidence in the reliability of the subject RV and in the ability of Defendant to repair the RV's defects, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

43. Plaintiff provided Defendant Grech RV and/or one or more of its authorized dealers with a

reasonable number of opportunities to repair the RV but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

44. As a result of the above facts, Defendant Grech RV breached its warranties and/or representations with respect to the RV.

45. One or more of the defects and malfunctions in the RV were covered under the terms of Defendant Grech RV's warranties, and Defendant failed to repair the RV, thereby diminishing the use and/or safety and/or value of the RV and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

46. Defendant Grech RV and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject RV within a reasonable time.

47. Defendant Grech RV refused the repair the RV under its written limited warranty unless Plaintiff agreed to 4 additional terms not part of the written limited warranty, thereby breaching its written limited warranty and its written warranty contract, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

48. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant Grech RV's authorized representatives to repair or replace the RV or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

49. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully

rewritten herein.

50. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant Grech RV's violation of its obligations under the Magnuson Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Magnuson Moss Warranty Act and its applicable regulations.

51. Defendant Grech RV also failed to comply with 15 U.S.C. 2310(a) and one or more requirements in CFR 703.1- CFR 703.8.

52. As a result of the above, among other things, Defendant Grech RV has breached its obligations under the Magnuson Moss Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

53. As a result of the above, among other things, Defendant Grech RV breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Magnuson Moss Warranty Act and the applicable Code of Federal Regulations.

54. As a result of the above, inter alia, Defendant Grech RV is in violation of the Magnuson Moss Warranty Act.

### THIRD CLAIM: BREACH OF CONTRACT

55. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

56. This claim is for breach of contract by Defendant Grech RV.

57. Defendant Grech contracted to warrant the subject 2023 Grech Strada Tour-Ion, but failed

to repair the RV's warranty covered defects within a reasonable number of chances or a reasonable amount of time, causing Defendant's warranty contract to fail of its essential purpose, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

58. Plaintiff acquired the RV in reliance on the existence of a written warranty contract from Defendant Grech RV.

59. After acquiring the RV, Plaintiff discovered that it did not conform to the warranty contract of Defendant Grech RV inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

60. The warranty contract defects in the RV, which were substantial and existed in the materials and workmanship caused by Defendant, included, but are not limited to: CO2 Detector Beeping When Furnace & Heater On, Rear Main Cabin Door Pops, Cabinet Door Warped and Chipped, Invertor Shuts Off Overnight, PS Jump Seat Mounted Against Cabinet, PS Ottoman Doesn't Retract Sufficiently to Allow Table to be Mounted Upright, Kitchen Drawers Not Closing Smoothly, Dash Damaged by Glue, DS Rear Window Doesn't Sit Flush at Rear, Floor in Front of Bath Door Soft, Sliding Entry Door Screen Doesn't Move in or out Smoothly, Awning Rattle Box Too Sensitive & Rolls Up with Little Wind, among other things.

61. Because of the warranty contract covered defects, Plaintiff notified Defendant Grech RV and its authorized servicing dealer McClain's RV of the numerous defects and on various dates delivered the RV into the possession of Defendant Grech RV and/or its authorized servicing dealer at Plaintiff's cost and/or expense.

62. In spite of Defendant Grech RV's obligations, when Plaintiff complained of the inability of

        Defendant Grech RV and its authorized warranty-repair facility McClain's RV to repair the recreational vehicle, Defendant did not repair or replace or repurchase the subject RV. Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Defendant as a company.

63. As a result, Defendant Grech RV's warranty contract failed of its essential purpose and was thereby breached, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

64. As a result, any limitations contained within the warranty contract are null and void, without consideration, and Plaintiff are entitled to all applicable legal and equitable remedies in law.

65. Defendant's failure to timely fix all of the RV's defects has caused Plaintiff to lose confidence in the reliability of the subject RV and in the ability of Defendant to repair the RV's defects, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

66. Plaintiff provided Defendant Grech RV and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the RV but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

67. One or more of the defects and malfunctions in the RV were covered under the terms of Defendant Grech RV's warranty contract, and Defendant failed to repair the RV, thereby diminishing the use and/or safety and/or value of the RV and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

68. Defendant Grech RV and/or one or more of its authorized dealers had notices of the breaches of the warranty contract and the defective condition of the subject RV within a

reasonable time. Defendant Grech RV refused the repair the RV under its written limited warranty unless Plaintiff agreed to 4 additional terms not part of the written limited warranty, thereby breaching its written limited warranty and its written warranty contract, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

69. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant Grech RV's breach of warranty contract, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

70. As a result of the above, and the allegations below, inter alia, Defendant Grech RV breached its contract to the injury of Plaintiff and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiff.

**FOURTH CLAIM: UDAP LAW(S)**

71. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

72. This claim is for violation of applicable state UDAP laws, being the Texas Deceptive Trade Practices Consumer Practices Act, Tex. Bus. & Com. Code 17.41, et seq., by Defendant Grech RV.

73. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendants and remain uncured, including but not limited to:

　　A.　Before, during or after a consumer transaction with Plaintiff, Defendant did represent to Plaintiff that the subject of the consumer transaction had performance, characteristics, accessories, uses, or benefits it did not have, and

    under such circumstances where the supplier knew or should reasonably have known it did not have same;

B. Before, during or after a consumer transaction with Plaintiff, Defendant did represent to Plaintiff that the subject of the consumer transaction is of a particular standard or quality when it was not, and under such circumstances where the supplier knew or should reasonably should have known it did not have same;

C. Before, during or after a consumer transaction with Plaintiff, Defendant did represent to Plaintiff that the transaction involved or did not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and/or not true, and under such circumstances where the supplier knew or should reasonably have known it did not have same and/or was false or not true;

D. Defendant did knowingly distribute goods for retail sale to consumers, here Plaintiff, that they each knew or should have known would likely require repairs after receipt by the retail seller and prior to the retail sale of such goods, without disclosing such fact to the consumer, here Plaintiff, before the purchase of the goods, and Defendant knew that they were doing so.

E. Defendant did stall and/or delay in the performance of a legal obligation to a consumer, here Plaintiff, by trying to avoid its duties to make repairs and hiding the truth behind why repairs were taking so long;

F. Defendant breached its express and implied warranties, its warranty contract, and violated the Magnuson Moss Warranty Act, knew or should have known it was doing so, but did so anyways;

      G.    Defendant refused to honor its limited warranty unless Plaintiff signed a confidentiality clause, a non-disparagement clause, and a clause limiting Grech's liability for repairs, and communicated with it only through its attorney;

      H.    Defendant added terms to its written warranty even though its written warranty says that no person may add terms to the warranty;

      I.    Defendant refused to deal directly with Plaintiff in response to his warranty repair requests and thereby refused to honor its warranty;

      J.    Defendant stalled and delayed in repairing the RV and in advising Plaintiff of the status of repairs.

74. As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state UDAP law(s), before, during or after a consumer transaction between one or both Plaintiff and a supplier in relation to the 2023 Grech Strada Tour-Ion.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

**PRAYER FOR RELIEF**

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial.

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial.

3. On the third claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial.

4.      On the fourth claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiff demands trial by jury on all claims and issues.

Respectfully Submitted,

/s/ Elizabeth Ahern Wells
ELIZABETH AHERN WELLS (S.D. Tex. #3761740)
Attorney-in-charge
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:     937.432.9500
Fax:                937.432.9503
Email: Beth@BurdgeLaw.com